1

2

3

4

5

6

7

8

9                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
10                                      AT TACOMA

11   FRANK LOUIS MILES AND JOYCE MILES,

12              Plaintiff,

13         v.                                        Case No. C06-5319FDB

14   ELDON VAIL *et al*.,                             REPORT AND RECOMMENDATION

15              Defendants.
                                                     **NOTED FOR:**
16                                                   **August 31, 2007**

17

18

19         This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to

20   Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff is not proceeding *in forma pauperis* and paid the full filing

21   fee (Dkt. # 1).

22         Before the court is defendant's "response to plaintiff's motion for partial summary judgment

23   and cross motion for summary judgment" (Dkt. # 18).  Plaintiffs have not responded (Dkt # 76).

24   The court has reviewed the file and the plaintiff's motion is not in the electronic file.  The court

25   cannot consider the plaintiff's motion at this time.  If plaintiffs intended to file a motion for partial

26   summary judgment they need to file the motion and explain why it was not filed in a timely manner.

27   This matter is ripe for review on defendant's motion.

28   REPORT AND RECOMMENDATION 1

1

<u>FACTS</u>

2       The denial of extended family visits is the subject matter of this action.  Plaintiffs allege the

3  denial of their application for extended family visits at Mc Neil Island was racially motivated (Dkt. #

4  1).  Defendants contend there were three reasons for denial of extended family visits in this case.  The

5  first reason is that Mr. Miles was arrested and charged with domestic violence (Dkt. # 18, page 4).

6  The charges were dismissed when the victim failed to appear.  The second reason is that Mr. Miles

7  had only been at Mc Neil Island for a short time before he applied for the extended family visits.  The

8  final reason for the denial was Mr. Miles assaultive behavior toward other people (Dkt. # 18, Exhibit

9  2).

10      Plaintiffs provide no evidence to support their claim of racial discrimination.

11  Defendants move for summary judgment and argue:

12      1.    Plaintiff has failed to state a claim under the United States Constitution [because there
              is no right to extended family visits under the Constitution].
13

14      2.    Denial of Mr. Miles participation does not violate the Equal Protection Clause.

        3.    Defendants enjoy qualified immunity.
15

16      4.    Injunctive relief should be denied as Mr. Miles is no longer incarcerated.

17      5.    Lack of personal participation for defendant Spaulding.

18      6.    Dismissal of State law claims.

19  (Dkt. # 18).

20                              <u>STANDARD OF REVIEW</u>

21      Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings,

22  depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

23  there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

24  law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the

25  nonmoving party fails to make a sufficient showing on an essential element of a claim on which the

26  nonmoving party has the burden of proof.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

27      There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a

28  REPORT AND RECOMMENDATION 2

1    rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

2    475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not

3    simply "some metaphysical doubt."). <u>*See also*</u> Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute

4    over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring

5    a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

6    242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626,

7    630 (9th Cir. 1987).

8           The court must consider the substantive evidentiary burden that the nonmoving party must meet

9    at trial, e.g. the preponderance of the evidence in most civil cases. <u>Anderson</u>, 477 U.S. at 254; <u>T.W.

10   Elec. Service Inc.</u>, 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of

11   the nonmoving party only when the facts specifically attested by the party contradicts facts specifically

12   attested by the moving party. <u>Id</u>.

13          The nonmoving party may not merely state that it will discredit the moving party's evidence at

14   trial, in hopes that evidence can be developed at trial to support the claim. <u>T.W. Elec. Service Inc.</u>, 809

15   F.2d at 630 (relying on <u>Anderson</u>, *supra*).  Conclusory, nonspecific statements in affidavits are not

16   sufficient, and "missing facts" will not be "presumed."  <u>Lujan v. National Wildlife Federation</u>, 497 U.S.

17   871, 888-89 (1990).

18                                               <u>DISCUSSION</u>

19          A.      <u>Injunctive Relief</u>.

20          The court chooses to address the injunctive relief claim first.  Plaintiffs ask the court to hold

21   the Extended Family Visit Policy facially invalid.  The basic function of injunctive relief is to preserve

22   the <u>status</u> <u>quo</u> <u>ante</u> <u>litem</u> pending a determination of the action on the merits. <u>Los Angeles Memorial

23   Coliseum Commission v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party

24   seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."

25   <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th  Cir. 1987).

26          Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
             moving party will suffer irreparable injury if the relief is denied; (2) the moving party will
27           probably prevail on the merits; (3) the balance of potential harm favors the moving party; and

28   REPORT AND RECOMMENDATION 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

In order to seek any form of injunctive relief the plaintiffs must have standing.  Mr. Miles has been released from incarceration and he and his wife are no longer subject to the Extended Family Visit Policy.  The concept of standing has been carefully analyzed in the Ninth Circuit.  To have standing plaintiffs' threat of irreparable injury must be real and immediate, not conjectural or speculative. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990).  As Mr. Miles has been released from incarceration, the plaintiffs no longer have standing to seek injunctive relief.

The court should not reach the issue of the constitutionality of the policy given plaintiff's lack of standing.  The motion for injunctive relief should be **DENIED.**  The court recommends Defendant's Motion for Summary Judgment be **GRANTED** on the issue of injunctive relief.

B.    Personal Participation.

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a claim under Section 1983. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).  Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Defendants argue Mr. Spaulding should be dismissed from this action for lack of personal participation (Dkt. # 18, pages 10 and 11).  Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).   A § 1983 suit cannot be based on vicarious liability alone.  Plaintiff must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  Plaintiffs have not responded to defendant's

REPORT AND RECOMMENDATION 4

1   motion.  The assertion that Mr. Spaulding did not participate in the decision to deny extended family

2   visits to plaintiffs in uncontested.  The court recommends Defendant's Motion for Summary

3   Judgment be **GRANTED** on this issue.

4         C.     Equal Protection.

5         Defendants argue:

6            An equal protection claim under the Civil Rights Act, 42 U.S.C. § 1983,
requires, as a necessary element, that defendants acted with the intent to discriminate.

7   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). To sustain an equal
protection claim under 42 U.S.C. § 1983, "one must show intentional or purposeful

8   discrimination." Grader v. Lynnwood, 53 Wn. App. 431, 437, 767 P.2d 952 (1989)
(emphasis added), review denied, 113 Wn.2d 1001, cert. denied, 493 U.S. 894;

9   Draper v. Rhay, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983
violation in absence of "intentional or purposeful discrimination"), cert. denied, 375

10  U.S. 915. This "discriminatory purpose must be clearly shown since a purpose cannot
be presumed." Grader, 53 Wn. App. at 437 (emphasis added). Mere evidence of

11  disparate impact on minorities is insufficient. Village of Arlington Heights v.
Metropolitan Housing Development Corp., 429 U.S. 252, 256 (1977); Washington v.

12  Davis, 426 U.S. 229, 239-40 (1976).

13           The Equal Protection Clause does not require conditions, practices, and rules
at county and state correctional facilities to be identical. Cooper v. Elrod, 622 F.

14  Supp. 373 (N.D. Ill. 1985). The United States Supreme Court has observed that
"showing that different persons are treated differently is not enough without more, to

15  show a denial of Equal Protection." Griffin v. County Sch. Bd. of Prince Edward
County, 377 U.S. 218, 230 (1964). In addition, plaintiff must demonstrate that he was

16  "treated differently . . . because [he] belonged to a protected class." Seltzer-Bey v.
Delo, 66 F.3d 961, 964 (8th Cir. 1995) (citing Divers v. Department of Corr., 921

17  F.2d 191, 193 (8th Cir. 1990)).

18           Here, the unequivocal evidence is that none of the Defendants made a decision
to deny Plaintiff Frank Miles' EFV applications based upon his or his wife's race. Mr.

19  Miles had only been at MICC for a little over a month in 2002 when he first applied
for EFVs and Superintendent Payne did not even know who he was and did not know

20  what race he was or that of his spouse. She denied his applications because he had an
arrest for domestic violence. Thereafter, Plaintiff appealed to Mr. Vail, who had the

21  denial of the applications investigated. As with Superintendent Payne, Mr. Vail did
not know what race the Plaintiffs were and upheld the denial because of the domestic

22  violence arrest and other assaultive behavior exhibited by Plaintiff.

23           Thereafter, the denials of Mr. Miles' applications were because of the Deputy
Secretary's action, not because of Plaintiffs' race. Superintendent Spaulding did not

24  even deny Plaintiffs' EFVs, rather, it was a predecessor, Robert Moore in 2003, and it
was because of the Deputy Secretary's previous denial. Similarly, in 2006, Defendants

25  Wesner and Cook did not process Plaintiff's application for EFVs further because of
the Deputy Secretary's earlier denial. All of these reasons are legitimate

26  non-discriminatory reasons for denying Plaintiff's EFVs. At best, even if Plaintiffs'
evidence was admissible, it only shows a possible disparate impact which is

27  insufficient to support an equal protection claim. Summary judgment is appropriate.

28  REPORT AND RECOMMENDATION 5

1   (Dkt. # 18, pages 9 and 10).

2       This court agrees with defendant's statement of the law.  Plaintiffs provide no admissible

3   evidentiary support for their allegations.  Conclusory, nonspecific statements in affidavits are not

4   sufficient, and "missing facts" will not be "presumed."   Lujan v. National Wildlife Federation, 497 U.S.

5   871, 888-89 (1990). Defendants are entitled to summary judgment.  The court recommends

6   Defendant's Motion for Summary Judgment be **GRANTED** on this issue.

7       Having reached this conclusion, the arguments regarding qualified immunity and intentional

8   infliction of emotional distress are not addressed.  A proposed order accompanies this Report and

9   Recommendation.

10       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

11   the parties shall have ten (10) days from service of this Report to file written objections.  *See also*

12   Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

13   appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b),

14   the clerk is directed to set the matter for consideration on **August 31, 2007**, as noted in the caption.

15

16

17       DATED this 30 day of July, 2007.

18                                            */S/ J. Kelley Arnold*
19                                            J. Kelley Arnold
20                                            United States Magistrate Judge

21

22

23

24

25

26

27

28   REPORT AND RECOMMENDATION 6